**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00243-CR**
**NO. 09-24-00244-CR**

_____

**CHRISTOPHER ROBERT SPEAKMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

═══════════════════════════════════

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 23-08-12437-CR and 23-08-12438-CR**

═══════════════════════════════════

**MEMORANDUM OPINION**

A grand jury indicted Appellant Christopher Robert Speakman ("Appellant" or "Speakman") for violation of a protective order in trial cause number 23-08-12437-CR and for continuous violence against the family in trial cause number 23-08-12438-CR.[1] Speakman pleaded not guilty in both trial causes, but the jury found

---

[1] These two cases were consolidated for trial along with a third charge in trial cause number 23-07-10280-CR for assault family violence by impeding breath or

1

Speakman guilty of both offenses. After a hearing on punishment, the trial court assessed punishment at ten years of confinement in both trial causes, with the sentences to run concurrently. Speakman timely filed his appeals.

On appeal, Appellant's court-ordered attorney filed briefs stating that he has reviewed the cases and, based on his professional evaluation of the records and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Speakman to file pro se briefs, and we received no response from Speakman.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire records and counsel's briefs in these cases, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1"). Therefore, we find it unnecessary to order appointment

circulation. The jury acquitted Speakman on the charge of assault family violence by impeding breath.

2

of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's judgments.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 13, 2025
Opinion Delivered May 21, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] Speakman may challenge our decision in these cases by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.